IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MIKE McCURDY 40892, TRAVIS HYNES 48489, JOHN HOPPERSTAD 555385, JEFF A. McKINNEY 62350, and GRAYSON BORJAS 55903, | ) ) ) ) | Case No. 03-406-S-EJL |
| | ) | **MEMORANDUM ORDER** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH HOLMBERG, PAM SONNEN, LT. GREENLAND, SGT. PFENNINGER, SGT. WILLIAMS, TOM GILLESPIE, RON TATOM, BOB BARNETT, BURNEY WELLS, JEFF LANE, C/O BENNETT, C/O STONE, C/0 GRIFFES, C/O NELSON C/O SHULER, C/O McMONIGAL, and JOHN DOES #1 -#10, in their individual and official capacities, and  their successors in office, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No.

31).  The Motion is now fully briefed, and the Court finds that oral argument is unnecessary.

Having reviewed the record in this case, as well as the parties' arguments and exhibits, the

Court enters the following Order.

**MEMORANDUM ORDER  1**

# I.

## STANDARD OF LAW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv*., 809 F.2d at 630 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position

**MEMORANDUM ORDER  2**

is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. at 252.

A prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement.  42 U.S.C. § 1997e(a).  "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 126 S.Ct., 2378, 2384 (2006).  The Woodford Court clarified that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory."  *Id*. at 2382 (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

In addition, the *Woodford* opinion makes it clear that prisoners "must now exhaust all 'available remedies,' not just those that meet federal standards."  *Woodford*, 126 S. Ct. at 2382.  Similarly, in *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court emphasized that § 1997e(a)'s "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

In *Woodford*, the Supreme Court stated that the exhaustion requirement "gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors."  *Id*. at 2387.  Thus, the opinion informs the prison administrators that the purpose behind exhaustion is to give the agency an opportunity to correct its own mistakes before it is brought before a court.

**MEMORANDUM ORDER  3**

*Id*. at 2385.

The Supreme Court has made it clear that "failure to exhaust remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

## II.

### FACTS AND DISCUSSION

Plaintiff McCurdy is the only plaintiff remaining in this case. Because Plaintiff was not permitted to proceed on all of his claims, only the following claims remain at issue: (1) Plaintiff's Eighth Amendment claim regarding the alleged denial of adequate exercise; (2) Plaintiff's First Amendment claim based on his alleged inability to exercise his religion as a result of being required to participate in a prison "Therapeutic Community" (TC) rehabilitative program that included religious content; (3) Plaintiff's First Amendment retaliation claim that prison officials retaliated against him when he refused to participate in the religious-oriented TC program; (4) Plaintiff's Fourteenth Amendment due process claim challenging the sufficiency of the evidence against him in a prison disciplinary proceeding;

**MEMORANDUM ORDER  4**

and (5) Plaintiff's Fourteenth Amendment equal protection claim based on alleged disparate treatment between how the prison treats TC inmates and non-TC inmates.

Plaintiff has conceded that his claims for injunctive relief are moot because he is no longer incarcerated (having been released during the pendency of this action). He has also conceded that his Eighth Amendment denial of exercise claim is subject to dismissal for lack of evidence to support it.

Defendants contend that Plaintiff failed to exhaust his administrative remedies regarding his remaining claims, and, that, as a result, his claims are subject to dismissal. The Idaho Department of Correction (IDOC) has a grievance procedure, contained in IDOC Policy 316 and IDOC Division of Operations Directive 316,02,01.001. *See Affidavit of Grievance Coordinator Julie Braese*, at ¶ 3 (Docket No. 31-4). The grievance procedure has three steps: (1) filing an Inmate Concern Form seeking informal resolution of the issue; (2) filing a Grievance if informal resolution does not work; and (3) appealing a negative response to the Grievance to the Warden of the facility where the inmate is incarcerated. *Id*., at ¶¶ 3-12.

Plaintiff asserts that he filed many Inmate Concern Forms that went unanswered by prison officials. He filed one Grievance. *See Plaintiff's Response*, at p. 17 (Docket No. 34-2). That Grievance stated:

> The decision/action that I am grieving is: Lack of Response to Concern Form to Bob Bartlett dated 03-21-02. I have tried to solve this informally by: Concern Form stating I was preparing legal work and couldn't participate in TC until it was completed.  The reason why I feel it should be changed is: Need a response. There is a lack of direction here and would like the courtesy

**MEMORANDUM ORDER  5**

of a response.

*Id.*

In response to this Grievance, Plaintiff was sent a "Grievance/DOR Appeal Transmittal" stating:

> The attached form is being returned without action taken because: You did not attach the completed (answered) concern form or documentation verifying your attempts to resolve the issue informally. Please wait for the response to come.

*Id.* at p. 16 (Docket No. 34-2). It is apparent from the record that Plaintiff's one and only Grievance was not logged because it was returned to him; therefore Defendants' witnesses statements that the grievance logs show that Plaintiff filed no Grievance is not of consequence to the Court's decision. Plaintiff does not allege that he filed any other Grievances.

Plaintiff asserts that the Inmate Concern Form that preceded the Grievance was never answered. Plaintiff has not produced a copy of the Concern Form. Plaintiff argues that the prison's response on the Grievance return form foreclosed him from filing a Grievance on any of his Concern Forms because none was answered. However, the instruction was that he had to attach the completed concern form *or* attach documentation showing his *attempts* to resolve the problem. This clearly allows him to file a copy of the Concern Form without an answer, if, after waiting for an answer, no answer is forthcoming. The Court rejects

**MEMORANDUM ORDER  6**

Plaintiff's argument that this response from the prison absolved him of making any efforts to attach his unanswered Concern Forms to a Grievance and to file a Grievance.

In his Complaint, Plaintiff carefully detailed the contents of all of the Concern Forms that he filed, although he produced copies of none of them.  Most of the Concern Forms addressed the issue that he did not want to participate in the TC because he was trying to pursue a state post-conviction case.  *See Complaint*, at ¶¶ 102, 109, 120, 121, 305, 307, & 408 (Docket No. 1).  The Court allowed Plaintiff an opportunity to submit a motion to amend and a proposed amended complaint to show that he suffered damage in order to proceed with the access to the courts claim discussed in his Grievance, but he did not do so.  *See Initial Review Order*, at p. 16-17 (Docket No. 8).  Important to the motion at hand is the fact that no Grievance and not one of the Concern Forms described in the Complaint  addressed the subject matter of the remaining claims upon which Plaintiff has been permitted to proceed.  As a result, his claims are subject to dismissal without prejudice.  The Court need not address Defendants' other defenses and arguments.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 31) is GRANTED.  Plaintiff's claims are DISMISSED

**MEMORANDUM ORDER  7**

without prejudice, with the exception of Plaintiff's Eighth Amendment exercise claim, which

is dismissed with prejudice.

DATED:  **March 12, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER  8**